**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION**

| | |
|---|---|
| Christopher Wright Fowler and Katie Roach Fowler, | ) Civil Action No.: 0:20-cv-01637-JMC </br> ) |
| Plaintiffs, | ) **ORDER AND OPINION** </br> ) |
| v. | ) </br> ) |
| Asplundh Tree Expert, LLC f/k/a Asplundh Tree Expert Company, | ) </br> ) </br> ) |
| Defendant. | ) |

This matter is before the court on Defendant Asplundh Tree Expert, LLC f/k/a Asplundh Tree Expert Company's ("Defendant") Motion for Partial Summary Judgment (ECF No. 30). On July 13, 2021, Plaintiffs filed a Response to Defendant's Motion (ECF No. 21) and Defendant filed a Reply to Plaintiffs' Response on July 20, 2021 (ECF No. 34). The court heard arguments on November 22, 2021. (ECF No. 40.) For the reasons set forth below, the court **DENIES** Defendant's Motion for Partial Summary Judgment. (ECF No. 30.)

### I.    RELEVANT BACKGROUND

This action arises from a motor vehicle collision that occurred on August 31, 2019. (ECF No. 1-1 at 6.) According to the Complaint, Plaintiff Christopher Wright Fowler ("Mr. Fowler"), a deputy with the Chester County Sheriff's Department, was traveling east on Highway 9/Lancaster Highway in his patrol vehicle when a truck owned and operated by Defendant failed to yield the right of way to oncoming traffic while making a left turn in an intersection resulting in a collision. (*Id.*) Plaintiffs allege that, as a result of the collision, Mr. Fowler suffered extensive physical injuries and expenses, lost wages, inability to perform household services, and will experience future medical costs and loss of future wages. (*Id.*) Plaintiffs further contend that the

1

collision resulted in harm to Plaintiff Katie Roach Fowler, as Mr. Fowler's wife, in the form of loss of consortium, mental suffering, and other injuries. (*Id.* at 7.)

On March 31, 2020, Plaintiffs filed this lawsuit in the Chester County Court of Common Pleas alleging state law claims for negligence; gross negligence; negligence *per se*; reckless conduct; negligent hiring, retention, training, and supervision; and loss of consortium. (ECF No. 1-1 at 7–10.) On April 27, 2020, Defendant removed the case to the United States District Court for the District of South Carolina based on diversity jurisdiction. (ECF No. 1 at 3.) On June 29, 2021, Defendant moved for Partial Summary Judgment on certain of Plaintiffs' damages claims. (ECF No. 30.)

## II.     JURISDICTION

The court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, because the parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Plaintiffs are citizens and residents of York County, South Carolina, and Defendant's principal place of business is located in Pennsylvania and it is incorporated under the laws of that state. (ECF No. 1 at 2–3.)

## III.     LEGAL STANDARD

a.     Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue of material fact for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). When considering a motion for summary

judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under governable law will properly preclude the entry of summary judgment." *Id.* at 248. Further, to show that a genuine issue of material fact exists, the non-moving party must set forth facts beyond "[t]he mere existence of a scintilla of evidence." *Id.* at 252. The non-moving party must present evidence sufficient to demonstrate that a reasonable jury could return a verdict for the non-moving party to avoid summary judgment. *See id.* at 248.

    b.    <u>Damages</u>

"Neither the existence, causation[,] nor amount of damages can be left to conjecture, guess or speculation." *State Farm Fire & Cas. Co. v. Barton*, 897 F.2d 729, 733 (4th Cir. 1990) (citing *Gray v. Southern Facilities, Inc.*, 183 S.E.2d 438, 444 (S.C. 1971)). "A party need not, however, prove future damages in a personal injury case to a mathematical certainty." *Campbell v. Paschal*, 347 S.E.2d 892, 901 (S.C. Ct. App. 1986). The standard of proof for future damages is whether such damages are reasonably certain to occur. *Evans v. Quintiles Transnat'l Corp.*, No. 4:13-CV-00987-RBH, 2015 WL 9455580, at *5 (D.S.C. Dec. 23, 2015) (citing *Pearson v. Bridge*, 544 S.E.2d 617, 619 (S.C. 2001)). The standard of admissibility for evidence of future damages is "any evidence which tends to establish the nature, character, and extent of injuries which are the natural and proximate consequences of the defendant's acts. . . if otherwise competent." *Id.* (citing *Pearson*, 544 S.E.2d at 620). This standard applies to the "cumulative effect of the evidence of a particular type of damage," it is not required for each individual piece of evidence. *Schaeffer v. Heidi D. Williams, LLC*, No. 2:18-cv-1532-DCN, 2020 WL 3964709, at * 3 (D.S.C. July 13, 2020).

## IV.    ANALYSIS

Defendant contends that certain aspects of Plaintiffs' claims for damages are speculative and asks the court to dismiss Plaintiffs' claims for lost wages, future lost earning potential, loss of household services, and future medical treatment including lumbar decompression surgery, anterior lumbar interbody fusion, and a spinal cord stimulator. (ECF No. 30 at 5.) As set forth below, the court finds that Plaintiffs have set forth sufficient evidence to survive summary judgment on each of these claims.

    a.    <u>Lost Wages</u>

Defendant asks the court to dismiss Plaintiffs' claim for lost wages because there is inadequate evidence in the record to support it. (ECF No. 30 at 4.) However, in their discovery responses, Plaintiffs set forth the time Mr. Fowler was unable to work following the accident and his salary at that time. (ECF No. 41-4 at 4.) This information is supported by Mr. Fowler's affidavit (ECF No. 31-6 at 1) and his medical records showing extensive treatment following the collision. *See Hunter v. Staples*, 515 S.E.2d 261, 268 (S.C. Ct. App. 1999) (finding sufficient evidence of lost wages because of injuries sustained in a collision). This evidence is sufficient to establish the existence of a genuine issue of material fact such that Defendant's motion should be denied on these claims.

    b.    <u>Loss of Future Earnings</u>

To support Plaintiffs' claim for loss of future earnings, Plaintiffs have submitted an expert report computing Mr. Fowler's lost wages and loss of retirement benefits in two scenarios: if Mr. Fowler is unable to work past the age of forty (40), and if he is unable to work past the age of fifty (50). (ECF Nos. 31 at 8, 31-2 at 3–5.) Plaintiffs also cite to deposition testimony of Dr. Steven Poletti, a spine surgeon who examined Mr. Fowler and stated that Mr. Fowler will likely need a

hip replacement, a knee replacement, and a cervical fusion in the next ten (10) years and that Dr. Poletti would be surprised if Mr. Fowler was able to continue working based on the totality of these procedures. (ECF No. 31-8 at 24–25.) Plaintiffs also refer to testimony from Dr. James Lodging, Mr. Fowler's treating orthopedic surgeon, who stated that Mr. Fowler would experience progressive deterioration in his joints resulting from his injuries, which have aged him "three times as fast" as one would normally expect. (ECF No. 31-9 at 37.) Dr. Lodging further opined that such deterioration will result in limited function of Mr. Fowler's joints. (*Id.*) Plaintiffs also provide deposition testimony of Dr. Justin Hutcheson, Mr. Fowler's pain management doctor, stating that Mr. Fowler's work expectancy will be reduced as a result of his injuries and that, at some point in his career, Mr. Fowler will become totally disabled. (ECF No. 31-10 at 36–37.) This evidence supports Plaintiffs' lost wages claims sufficiently to withstand summary judgment.

      c.    <u>Household Services</u>

Defendant asks the court to dismiss Plaintiffs' claim for damages resulting from Mr. Fowler's reduced ability to perform household services. (ECF No. 30 at 3.) Through his affidavit, Mr. Fowler testified to his physical limitations and inability to help around the house following the accident. (ECF No. 31-6 at 2). Plaintiffs further support this claim by providing medical documentation and testimony by Mr. Fowler and his medical doctors regarding his physical pain and limitations. (ECF Nos. 31-6, 31-9, 31-10.) Further, the total value of the loss of household services was calculated by Plaintiffs' expert based on this testimony. (ECF No. 21-2 at 5–6.) Thus, the evidence supporting Plaintiffs' claim for damages resulting from loss of his ability to provide household services is sufficient to survive summary judgment.

5

      d.      <u>Future Medical Costs</u>

Defendant contends that Plaintiffs' claims for future medical damages are only supported by Plaintiffs' experts' speculation, rather than evidentiary fact. (ECF No. 30 at 5.) The court disagrees. As discussed above, Plaintiffs have introduced testimony from Mr. Fowler's treating physicians and other doctors who have examined him and testified as to his injuries. Plaintiffs' experts relied on this testimony in creating their reports. As such, Plaintiffs' expert reports are supported by sufficient evidence to withstand Defendant's request for summary judgment.

Defendant asserts that Plaintiffs have not met their burden of showing that Mr. Fowler's surgeries are reasonably certain to occur. (ECF No. 34 at 4.) "Reasonably certain to occur" is the standard of proof for future damages, however, not the standard of admissibility. *See Evans*, 2015 WL 9455580, at *5. Therefore, the jury, as factfinder, will be instructed on this correct standard when it is tasked with determining damages for future medical treatment at trial. Applying the standard of admissibility for evidence of future damages, the court finds Plaintiffs have introduced sufficient evidence to establish the nature, character, and extent of injuries which are the natural and proximate consequences of Defendant's acts. As such, Defendant has not shown that it is entitled to summary judgment as a matter of law.

## V.    CONCLUSION

Based upon the foregoing, the court **DENIES** Defendant's Motion for Partial Summary Judgment. (ECF No. 30.)

**IT IS SO ORDERED.**

                                                                     *J. Michelle Childs*
                                                              United States District Judge

December 15, 2021
Columbia, South Carolina