**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION**

| | |
|---|---|
| Christopher Wright Fowler and Katie Roach Fowler, | ) Civil Action No.: 0:20-cv-01637-JMC )  ) |
| Plaintiffs, | ) **ORDER AND OPINION** ) |
| v. | ) ) |
| Asplundh Tree Expert, LLC f/k/a Asplundh Tree Expert Company, | ) ) ) |
| Defendant. | ) ) |

This matter is before the court on Plaintiffs' Motion for Partial Summary Judgment. (ECF No. 27.) On July 13, 2021, Defendant filed a Response to Plaintiffs' Motion (ECF No. 32) to which Plaintiffs filed a Reply on July 20, 2021 (ECF No. 33). The court heard arguments on November 22, 2021. (ECF No. 40.) For the reasons set forth below, Plaintiffs' Motion for Partial Summary Judgment (ECF No. 27) is **GRANTED IN PART** on the issue of liability and **DENIED IN PART** on the issue of comparative negligence.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

This action arises from a motor vehicle collision that occurred on August 31, 2019. (ECF No. 1-1 at 6.) According to the Complaint, Plaintiff Christopher Wright Fowler ("Mr. Fowler"), a deputy with the Chester County Sheriff's Department, was traveling east on Highway 9/Lancaster Highway in his patrol vehicle when a truck owned and operated by Defendant failed to yield the right of way to oncoming traffic while making a left turn in an intersection resulting in a collision. (*Id.*) Plaintiffs allege that, as a result of the collision, Mr. Fowler suffered extensive physical injuries and expenses, lost wages, inability to perform household services, and will experience future medical costs and loss of future wages. (*Id.*) Plaintiffs further contend that the

1

collision resulted in harm to Plaintiff Katie Roach Fowler, as Mr. Fowler's wife, in the form of loss of consortium, mental suffering, and other injuries. (*Id.* at 7.)

On March 31, 2020, Plaintiffs filed this lawsuit in the Chester County Court of Common Pleas alleging state law claims for negligence; gross negligence; negligence *per se*; reckless conduct; negligent hiring, retention, training, and supervision; and loss of consortium. (ECF No. 1-1 at 7–10.) On April 27, 2020, Defendant removed the case to the United States District Court for the District of South Carolina based on diversity jurisdiction. (ECF No. 1 at 3.) On June 29, 2021, Plaintiffs filed a Motion for Partial Summary Judgment on the issues of liability and comparative negligence. (ECF No. 27.)

## II.     JURISDICTION

The court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, because the parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Plaintiffs are citizens and residents of York County, South Carolina, and Defendant's principal place of business is located in Pennsylvania and it is incorporated under the laws of that state. (ECF No. 1 at 2–3.)

## III.    LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue of material fact for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). When considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences

must be drawn in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under governable law will properly preclude the entry of summary judgment." *Id.* at 248. Further, to show that a genuine issue of material fact exists, the non-moving party must set forth facts beyond "[t]he mere existence of a scintilla of evidence." *Id.* at 252. The non-moving party must present evidence sufficient to demonstrate that a reasonable jury could return a verdict for the non-moving party to avoid summary judgment. *See id.* at 248.

### IV.     ANALYSIS

a.     Liability

Plaintiffs contend they are entitled to a finding that Defendant has admitted liability as a matter of law based on the testimony in the record. (*Id.* at 6–7.) The court agrees. In support of their Motion, Plaintiffs have cited to evidence in the record showing Defendant has admitted that its driver failed to properly yield the right-of-way to Mr. Fowler. (*See* ECF Nos. 27-5 at 2 (testimony of Defendant's 30(b)(6) representative admitting that Defendant's driver, William Torrey, failed to yield properly and such failure was a contributing factor to the collision), 27-3 at 3 (Defendant's internal investigation determining that the driver was at-fault and "failed to take actions that could be reasonably expected to prevent this collision"), 27-4 at 2 (Defendant's discovery admission that Defendant's driver "failed to yield the right of way while making a left turn").) Further, at the November 22, 2021 Motions Hearing, Defendant's counsel conceded that it had admitted liability for the collision but asserted that Mr. Fowler was also a proximate cause and that genuine issues of material fact exist regarding causation and damages. Accordingly, the court finds summary judgment appropriate as to Defendant's liability for the collision.

      b.      <u>Comparative Negligence</u>

Plaintiffs also move for summary judgment on the issue of comparative negligence. (ECF No. 27 at 10.) Although Defendant admitted liability, meaning it was a cause of the collision, Plaintiffs are still required to prove that Defendant was the proximate cause of the accident and Plaintiffs' damages. Plaintiffs contend that Mr. Fowler was not negligent because he was actively pursuing a potential violator of the law and, therefore, his speed was legally authorized. Even if Mr. Fowler's speed was legally authorized, however, the question of whether his conduct satisfied the requisite standard of care is a question for the jury. *See Jones v. Way*, 294 S.E.2d 432, 432 (S.C. 1982).

"Proximate cause does not mean sole cause; negligence can be a proximate cause if it was at least one of the direct, concurring causes of the injury." *Cope v. Eckert*, 327 S.E.2d 367, 369 (S.C. Ct. App. 1985) (citing *Hughes v. Children's Clinic, P.A.*, 237 S.E.2d 753 (S.C. 1977)) (internal quotation marks omitted). "It is generally for the jury to say whether a party's negligence was a concurring, proximate cause of the injury." *Id.* Defendant has put forth evidence showing the existence of a genuine issue of material fact related to the proximate cause of the collision through its accident reconstruction expert's opinion that Mr. Fowler's "excessive speed significantly contributed to '(a) the cause of the accident, (b) the reduction of time and distance for an evasive response, and (c) increased the severity of the collision that did occur.'" (ECF No. 32 at 5 (citing ECF 32-1 at 8).) "Ordinarily, comparison of the plaintiff's negligence with that of the defendant is a question of fact for the jury to decide." *Bloom v. Ravoira*, 529 S.E.2d 710, 713 (S.C. 2000). Therefore, "summary judgment is generally not appropriate in a comparative negligence case." *Id.* Here, a jury could reasonably infer that Mr. Fowler contributed to the collision and the resulting damages. Accordingly, Defendant has successfully shown a genuine

4

issue of material fact exists as to Defendant's defense of comparative negligence such that there is more than one reasonable inference that could be drawn from the evidence. As such, summary judgment is not appropriate on this issue.

## V.     CONCLUSION

Based upon the foregoing, Plaintiffs' Motion for Partial Summary Judgment (ECF No. 27) is **GRANTED IN PART** on the issue of liability and **DENIED IN PART** on the issue of comparative negligence.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

December 15, 2021
Columbia, South Carolina